**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

COACH HOMES V AT MOODY RIVER
ESTATES CONDOMINIUM ASSOCIATION,
     Plaintiff,

v.                                                    2:25-cv-1215-SPC-NPM

STEADFAST INSURANCE COMPANY,
     Defendant.

---

## ORDER

This action involves a dispute over insurance benefits for property damage after Hurricane Milton. Plaintiff Coach Homes V at Moody River Estates Condominium Association moved to compel appraisal and for leave to file its motion to compel out of time. Defendant Steadfast Insurance Company opposes both motions.

We first address the issue of timeliness. Coach Homes certified that it is familiar with and will abide by the local rules and orders entered in this action (Doc. 13); however, it failed to timely file a request for appraisal pursuant to the Hurricane Scheduling Order (Doc. 8 at 1-2) or for an extension of time to do so. Now, Coach Homes requests leave to file its motion out of time. But Coach Homes makes no argument that there is good cause to amend the scheduling order under Federal Rule of Civil Procedure 16(b)(4). Rather, Coach Homes claims that its delay in filing the motion resulted from excusable neglect and will not prejudice Steadfast. (Doc. 20 at

2, citing Fed. R. Civ. P. 6(b)). But prejudice is irrelevant without first showing diligence. Put simply, Rule 16 "precludes modification unless the schedule [could not have been] met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). "If [a] party was not diligent, the [good cause] inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Coach Homes's failure to present any argument under Rule 16 ends the inquiry,[1] and thus it has forfeited appraisal.

But even if Coach Homes's motion was timely, it lacks merit substantively. Coach Homes asserts that it is entitled to invoke appraisal under the plain language of the insurance policy's appraisal provision. Steadfast opposes this contention, emphasizing that the appraisal provision requires ***both*** parties to consent. The applicable provision reads, in pertinent part, as follows:

Mediation Or Appraisal

*        *        *

B. If there is a disagreement regarding the value of the property or the amount of loss between us and the first Named Insured, either may request an appraisal of the loss, in writing. **If the other party accepts the appraisal request in writing**, **the appraisal shall be conducted** as follows:

1. Pay its chosen appraiser; and

2. Bear the other expenses of the appraisal and umpire equally.

---

[1] Coach Homes's motion for leave is also denied for failing to include a legal memorandum supporting its request. *See* M.D. Fla. R. 3.01(b) ("A motion must include — in a single document no longer than twenty-five pages — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request.").

> If there is an appraisal, we will still retain our right to deny the claim. However, only with respect to disagreements between us and the first Named Insured, the first Named Insured is not required to submit to, or participate in, any appraisal of the loss as a precondition to action against us for failure to pay the loss, if we:
>
> 1. Requested mediation and either we or the first Named Insured rejected the mediation result; or
>
> 2. Failed to notify the first Named Insured of the first Named Insured's right to participate in the mediation program.

(Doc. 1-3 at 42-43) (emphasis added).

While Coach Homes acknowledges the policy's language requiring the other party to accept the appraisal request in writing, it insists that this language does not grant a unilateral veto over appraisal because it would render the provision meaningless. (Doc. 18 at 4). Not so. The appraisal provision is not meaningless; it's just mutual. To be sure, there are numerous instances where mutual assent is required to invoke appraisal. *See, e.g.*, *Michael Ray v. Qbe Specialty Ins. Co.*, No. 2:24-cv-873-SPC-NPM, 2025 WL 1083635 (M.D. Fla. Mar. 7, 2025) (granting defendant's motion to compel appraisal, which required mutual assent, because plaintiffs previously agreed to it); *Homeowners Choice Prop. & Cas. Ins. Co. v. Murray*, 388 So. 3d 1039, 1040 (Fla. 3d DCA 2024) (reversing appraisal order because policy required mutual agreement).

"In matters of appraisal, the contract language controls." *Certain Underwriters at Lloyd's v. Lago Grande 5-D Condo. Ass'n*, 337 So. 3d 1277, 1280

(Fla. 3d DCA 2022).[2] Here, the language of the policy unambiguously requires mutual agreement to proceed with appraisal. And since the court may not rewrite the terms of the policy, we must deny Coach Homes's request to compel appraisal. *See Gibney v. Pillifant*, 32 So. 3d 784, 785 (Fla. 2d DCA 2010) ("Absent an ambiguity, the actual language used in the contract is the best evidence of the intent of the parties, and the plain meaning of that language controls.") (citations and internal quotations omitted).

Coach Homes's motion for leave to file its motion to compel appraisal out of time (Doc. 20) is **DENIED**, and so its motion to compel appraisal (Doc. 18) is **DENIED as moot**. All deadlines outlined in the Hurricane Case Management and Scheduling Order (Doc. 8) will run from the date of this order.

**ORDERED** on February 23, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge

---

[2] Coach Homes cites inapplicable case law concerning policies with unilateral appraisal provisions that typically state: "If we and you disagree on the value of the property or the amount of loss, **either may make written demand for an appraisal of the loss**." *Christian Life Fellowship of Lee Cnty. Inc. v. Westchester Surplus Lines Ins. Co.*, No. 2:24-mc-17-JES-NPM, 2025 WL 621978, *1 (M.D. Fla. Feb. 26, 2025) (emphasis added).